IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| **LEONARD C. MURDOCK**, ) | |
| **JESSICA SUE-AMELIA JONES,** ) | |
| ) | Case No. B-0981076 C-13D |
| Debtors. ) | Chapter 13 |
| ) | |
| _____ ) | |

## TRUSTEE'S OBJECTION TO CONFIRMATION

NOW COMES Richard M. Hutson, II, Standing Trustee, and objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court as follows:

1. On June 29, 2009, the Debtors filed a Chapter 13 case in the Bankruptcy Court for the Middle District of North Carolina.

2. On June 29, 2009, Richard M. Hutson, II, was appointed Trustee and is duly acting in said capacity.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtors proposes a monthly plan payment of $2,095.00 for a period of 60 months. The Debtors project a dividend of two percent (2%) to unsecured creditors; however, no dividend is required by the plan. There is unsecured debt of approximately $146,689.29 according to Schedule "F".

5. On Schedule "A", the male Debtor lists ownership of real property located at 1761 Southwest Tahoe Street, Oak Harbor, WA ("the real property"). The male Debtor does not reside at the real property; however, upon information and belief, the real property serves as the residence of the Debtor's ex-wife. The real property is valued in the petition at $428,475.00. There are two mortgage liens on the real property totaling approximately $365.535.00, leaving equity of approximately $62,940.00. The male Debtor states in the petition and schedules that he has only a 25% interest in the real property pursuant to a divorce decree dissolving the marriage with his ex-wife; therefore, he values his interest in the equity at approximately $15,735.00.

6. The male Debtor is claiming an exemption in his interest in the real property pursuant to the federal exemptions found in 11 U.S.C. §522(d), particularly §522(d)(5), which allows for an exemption of a debtor's interest in any property up to $1,075.00 plus up to $10,125.00 of any unused amount of the residence exemption.

7. The Trustee objects to confirmation of the Debtors' plan in that the plan may violate the liquidation test for confirmation found in 11 U.S.C. §1325(a)(4). The Trustee requires examination of the divorce decree granting the male Debtor a 25% interest in the real property to determine if the plan meets the requirements of §1325(a)(4).

8. The Debtors have filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtors list current monthly income ("CMI") in Form B22C of approximately $10,803.39 for a household of two persons.

9. Because the Debtors' CMI greatly exceeds the median income figure for a family of the same size in North Carolina, the Debtors' reasonable and necessary expenses are calculated on Form B22C pursuant to 11 U.S.C. §1325(b)(3).

10. The Trustee objects to confirmation of the Debtors' plan in that the Debtors may not be devoting all of their projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The Debtors have taken a deduction on line #33 of Form B22C for court-ordered payments for spousal or child support. The Trustee requested verification of this deduction at the meeting of creditors. The Trustee has not received a copy of the court order. Furthermore, the Debtors have taken an improper deduction in Form B22C on line #47(b) for payments on a 2005 Mercury vehicle that is to be released. The deduction is improper and should be disallowed.

WHEREFORE, the Trustee respectfully prays the Court for an Order as follows:

1. For a hearing on the Trustee's objections for a determination of whether the Debtors' plan complies with 11 U.S.C. §1325;

2. That the Debtors' plan not be confirmed in that the plan does not comply with 11 U.S.C. §§1325(a)(4) and (b) and the case be dismissed for cause pursuant to 11 U.S.C. §1307; or

3. For such other and further relief as the Court may deem just or proper.

This the 31st day of August, 2009.

                                            /s/Benjamin E. Lovell
                                            Benjamin E. Lovell
                                            Attorney for the Trustee
                                            State Bar No. 23266
                                            P.O. Box 3613
                                            Durham, N.C. 27702-3613

CERTIFICATE OF SERVICE

       THIS IS TO CERTIFY that on the below date, the undersigned Deputy Clerk served a copy of the OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN by depositing the same, enclosed in a postpaid wrapper, properly addressed to the following parties in interest, at their last known addresses as shown below, in a post office or official depository under the exclusive care and custody of the United States Postal Service:

Leonard Charles Murdock, Jr.
Jessica Sue-Amelia Jones
504 Harrier Court
Durham, NC 27713

John T. Orcutt, Esq.
6616-203 Six Forks Road
Raleigh, NC 27615

Richard M. Hutson, II, Standing Trustee
PO Box 3613
Durham, NC 27702

Michael D. West, Esq.
US Bankruptcy Administrator
PO Box 1828
Greensboro, NC  27402